[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs in this case, Jane Piorkowski and Ronald Piorkowski, are husband and wife. They bring this action against the Siracusa Moving and Storage Company alleging a bailment to said company of their household furniture and furnishings and a failure to deliver certain of these items. The defendant has filed a denial of any damages.
The court finds these facts to be established. The defendant is a common carrier of goods for hire duly licensed by the State of Connecticut and held themselves out as a common carrier for transportation of goods both in the state of Connecticut and within the United States of America. On or about September 8, 1995 the plaintiffs entered into an agreement with the defendant for the moving of household goods from their home at 169 Amherst Street, New Britain, Connecticut to their new residence at 25 Sunset Road, Unit 14-C, Old Saybrook, Connecticut.
At that time the defendant furnished the plaintiffs with a form entitled Non Binding Estimated Cost of Services in which the cost of the operation was estimated to be $1,599.15, $1,541.25 for the actual labor of moving and $57.90 for four mattress cartons and packing of same. This estimate also called for packing to be done by the owner. Plaintiffs were to have all packing completed by the moving day. Originally the move was to take place on a Saturday but it had rained all that day and the parties agreed to do the move on Sunday, October 28th. The movers, a crew of four, men, arrived at 8:30 a.m. At that time most of the packing on the first floor had been completed but nothing had been packed on the second floor.
Upon the arrival of the movers on the morning of the 28th Mrs. Piorkowski informed them that a certain ring was missing and asked them to notify her if they located it. They never reported finding the ring nor did she. The plaintiffs, their two sons, the wife's brother and a girlfriend of one of the sons were all present in the home throughout the moving and all but one son were assisting in the move. In addition, three women, college students, who were to rent the property after it had been vacated arrived and were present during a portion of the time that the moving was taking place and were moving in some of their belongings. CT Page 9356
During the course of this move the husband's car, the son's pickup truck, the brother-in-law's vehicle, the wife's car and the car owned by the son who was not active in the move were all present and various items were being moved and placed in these vehicles by various people carrying items in and out of the house while the movers were there.
Some of the missing items were not packed or were in boxes without tops and the foreman of the moving crew refused to allow them to be moved in that condition. There was no evidence that they were repacked to conform to the rules. The drawers of the jewelry chest were not secured by the plaintiffs nor the movers.
The foreman reserved to himself the job of placing all items in the truck. He did not place anything in the truck that was not packed properly. He swept out the truck after the move and found none of the missing items.
The movers left the premises at approximately 6:15 p. m. When they arrived at the premises in Old Saybrook, they had to wait for the plaintiffs to arrive and let them into the house. The plaintiffs left New Britain at about 7:00 p. m. Upon their arrival they opened up the condominium for the movers and the move resumed; taking until 4:00 a.m. on Monday. The movers moved two bedrooms of furniture into the house and placed a great deal of the furniture in the garage.
The day after the move, Tuesday morning, Mrs. Piorkowski was getting ready for her 8:00 class at about 6 or 6:30 a.m. at which time she found that a certain one carat diamond ring, her engagement ring, was missing. This ring had been kept in a small oak jewelry chest which was 3 ft. x 18" x 18". It contained 5 drawers and opened on either side. The ring is described as a one carat round cut, flawless diamond with a white gold band. The ring was usually kept in the third drawer in a slot with some costume rings. Mrs. Piorkowski didn't wear it on a daily basis but only to work and on certain social occasions. She had last worn the ring approximately one week before when she taught a first aid class. She normally took off the ring when she came home and placed it on a pad on her dresser or in the jewelry case.
After searching for the ring and certain other items which were missing the plaintiffs obtained a proof of loss form from CT Page 9357 the defendant and filed same on November 22, 1995. On this form the plaintiff listed the following items as missing:
A Hewlett Packard laser printer valued at $800.00;
The diamond ring valued at $4,000.00;
A Tasco Astron telescope and tripod valued at $125.00;
And a Tandy color computer monitor valued at $150.00.
The plaintiffs took approximately a week going through the many boxes which were stored searching for the missing items before arriving at the conclusion that they were in fact missing.
The husband testified that the diamond ring was generally kept in the jewelry chest in the bedroom or on a felt pad on a table top in the bedroom. He last saw the ring on or about October the 22nd at an anniversary dinner i.e. approximately one week before the moving date.
At the end of the move, approximately 4:00 a.m. on Monday the 29th, the movers presented Mrs. Piorkowski with a bill for $2,523.90. She paid this bill with a personal check and gave them each a $20.00 tip.
Some time in mid November Mr. Piorkowski contacted Siracusa with respect to the rate that was charged and had a meeting with Mr. Siracusa on December 28th. He accepted the explanation as to the reason for the higher figure but they were unable to reach a resolution of the missing items.
Based upon the description of the diamond and the price that was paid for it at the time it was purchased which was $1,500.00 in 1959, an appraiser placed a current value of $14,000.00 on same.
The court having heard the parties, and having examined the exhibits finds the issues for the defendant. In the opinion of the court there is insufficient evidence to establish by a fair preponderance of the evidence that any of the missing items were actually placed in the custody of the defendant. Although the jewelry case was placed in the custody of the defendants, there was no firm evidence as to whether or not the diamond was in the jewelry case at that time. There were numerous people in and CT Page 9358 about the house at all times during the moving day and prior to that date.
Judgment may enter for the defendants.
HALE, JUDGE.